IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-32-FL

| | |
|---|---|
| COREY THOMAS BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREENFIELD MHP HOLDINGS LLC, | ) ORDER |
| CRAVEN COUNTY COURTHOUSE, | ) |
| CRAVEN COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of plaintiff's complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers entered October 10, 2024, a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's claims be dismissed. Plaintiff filed objections December 2, 2024. For the following reasons, the court adopts the M&R as modified, and dismisses plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

### BACKGROUND

The court adopts the M&R's recounting of the facts alleged in the complaint:

On March 4, 2024, plaintiff filed this action in this court against defendants: 1) Greenfield MHP Holdings LLC ("Greenfield"); 2) Corely Farber, owner of Greenfield ("Mr. Farber"); 3) Brea Smith, "agent" of Greenfield ("Ms. Smith"); 4) Craven County Courthouse ("Courthouse"); 5) Chief District Court Judge L. Walter Mills ("Judge Mills"); 6) Magistrate Andrew Balance ("Magistrate Ballance"); 7) Craven County Clerk of Court ("Clerk"); 8) Craven County Sheriff's Department ("Sheriff's Department"); 9) Sheriff Chip Hughes ("Sheriff Hughes");

and 10) the Craven County District Attorney's Office (the "District Attorney's Office").

Plaintiff alleges that on January 5, 2024, he requested by email that Greenfield, his landlord, lower plaintiff's rent due because a water leak had caused plaintiff's water bill to increase. Greenfield replied that it was "not responsible for water bills or water bill leaks and could not honor . . . [plaintiff's] request." On January 16, 2024, plaintiff received a "Delinquency Letter" for failure to pay rent. On January 18, 2024, Greenfield filed a "Complaint in Summary Ejectment" in Craven County court. Although plaintiff filed a "NCGS 7A-221 'Response/Notice of Objection To Venue and Jurisdiction and Production of Documents' to be heard by the Chief District Court Judge or a District Judge designated in accordance with law," Magistrate Balance ruled in favor of Greenfield and issued a writ of possession.

Because plaintiff "was in custody at the Craven County Detention Center" at the time of the hearing, Magistrate Cedric Hargett set aside the judgment. A new hearing was scheduled for February 15, 2024, where plaintiff sought "to address the NCGS 7A-221 Objection of Venue and Jurisdiction in accordance with law" in front of the court. At the February 15, 2024, hearing, Magistrate Ballance "ignored the NCGS 7A-221 Objection to Venue and Jurisdiction and . . . issued a Judgment in favor of [Greenfield]."

(M&R (DE 10) 2–3 (citations omitted; alterations and quotation marks in original)).

## COURT'S DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

2

B.   Analysis

Plaintiff objects to the magistrate judge's determination that the complaint must be dismissed for lack of subject matter jurisdiction, due to the application of the Rooker-Feldman doctrine, and for failure to state a claim upon which relief can be granted.  Though the magistrate judge concluded that no federal jurisdiction appeared to exist on the face of the complaint, the magistrate judge inferred a claim under 42 U.S.C. § 1983 in deference to plaintiff's pro se status, upon which federal question jurisdiction could stand.  (See M&R 9–11).  Because no federal jurisdiction exists, the court adopts the M&R as modified and does not reach the merits.

Most of plaintiff's objections are to the magistrate judge's determination that no diversity jurisdiction exists.  All defendants here are North Carolina citizens, and plaintiff lists a North Carolina address and recounts events arising in this state.  The magistrate judge therefore determined that plaintiff is a citizen of North Carolina.

Plaintiff's only argument against his status as a North Carolina citizen is based in a frivolous conspiracy theory that courts have universally rejected as lacking any basis in law or fact.  See, e.g., Bey v. Indiana, 847 F.3d 559, 561 (7th Cir. 2017).  Plaintiff advances no non-frivolous argument that he is not a North Carolina citizen and hence that diversity jurisdiction exists.  The magistrate judge correctly determined that no such jurisdiction exists.

Further, no federal question jurisdiction exists.  In deference to plaintiff's pro se status, the magistrate judge construed the complaint to present claims under 42 U.S.C. § 1983, which served as a basis for federal question jurisdiction.  However, plaintiff's objections expressly disown and repudiate any claim under 42 U.S.C. § 1983. (See Objs. (DE 17) 1, 5).  Plaintiff instead relies only upon 28 U.S.C. §§ 1331, 1361.

3

Section 1331 is not a source of rights and does not create federal question jurisdiction itself. Providence Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 990 (4th Cir. 1990). Section 1361, meanwhile, provides jurisdiction only to command a federal official to perform a mandatory duty, not a discretionary act. See 28 U.S.C. § 1361. Failure to state non-frivolous allegations supporting the propriety of mandamus destroys jurisdiction under that statute. See In re First Fed. Sav. & Loan Ass'n of Durham, 860 F.2d 135, 140 (4th Cir. 1988); Ali v. U.S. Dep't of State, 676 F. Supp. 3d 460, 469 (E.D.N.C. 2023). Because plaintiff seeks mandamus against a state, not a federal, official, he has failed to state non-frivolous allegations supporting mandamus, and no federal question jurisdiction arises under § 1361. See Gurley v. Super. Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969).

The Rooker-Feldman doctrine is an additional and alternative basis on which to dismiss for lack of subject matter jurisdiction. The magistrate judge correctly concluded that plaintiff's complaint asks this court, in substance, to reverse the outcome of a state court eviction proceeding. Indeed, plaintiff refers to the state court as a "lower tribunal" relative to this court. (Objs. 3). Rooker-Feldman bars a suit pursuing any such relief. E.g., Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003); Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 235–36 (4th Cir. 2013); see also Anwar-Farra Congress v. Oasis at Heritage, No. 5:22-mc-23-FL, 2023 WL 3213543, at *6 (E.D.N.C. Apr. 13, 2023) (holding that Rooker-Feldman barred complaint seeking reversal of state eviction order).

Because this doctrine is jurisdictional, it provides an alternative basis on which to dismiss for lack of subject matter jurisdiction. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002). The court will therefore adopt the determination of M&R as modified herein and dismiss

4

the complaint without prejudice for lack of subject matter jurisdiction. <u>Ali v. Hogan</u>, 26 F.4th 587, 600 (4th Cir. 2022).

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R (DE 10) as modified herein. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of January, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge